IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TONY ALEXANDER HAMILTON,<br><br>                           Petitioner,<br><br>                    v.<br><br>SCOTT CROWTHER,<br><br>                           Respondent. | **MEMORANDUM DECISION &**<br>**DISMISSAL ORDER**<br><br><br>Case No. 2:15-cv-199-DN<br><br><br>District Judge David Nuffer |

THIS MATTER IS BEFORE THE COURT on a petition for writ of habeas corpus filed under 28 U.S.C.S. § 2241 (2016).  Having carefully reviewed the petition's substance, the Court determines that Petitioner is not actually challenging the execution of his sentence under § 2241, but is instead challenging his conviction and sentencing under § 2254. The Court thus treats this as a § 2254 case in concluding that the petition must be dismissed because it is second or successive and Petitioner has not sought the Tenth Circuit's permission to proceed here.

## PROCEDURAL HISTORY

In this petition, on grounds of casting himself as a commercial entity and therefore not subject to laws within the United States, Petitioner tries to challenge his state convictions for criminal trespass, attempted aggravated murder, aggravated assault, killing a police dog, and interfering with an arresting officer.  The Utah Supreme Court affirmed Petitioner's convictions. *State v. Hamilton,* 70 P.3d 111, 114-124 (Utah 2003).

On September 4, 2003, Petitioner filed in this Court his first federal petition for writ of habeas corpus, in which he challenged his convictions on a variety of theories.  *Hamilton v Chabries*, 2:03-CV-757 TS (D. Utah).  While that one was pending, he filed a second federal

petition, which the Court consolidated with the first.  *Hamilton v. Chabries*, 2:04-CV-352 TS (D. Utah Oct. 4, 2004) (consolidation order).  The petition in the consolidated case was denied on the merits and unsuccessfully appealed.  *Hamilton v. Chabries*, No. 2:03-CV-757 (D. Utah May 10, 2006), *dismissing appeal*, No. 06-4145, 2006 U.S. App. LEXIS 25599, at *3 (10th Cir. Oct. 11).

On March 26, 2015, Petitioner filed his current federal petition for writ of habeas corpus.

## ANALYSIS

**The petition is successive.**  Because Petitioner has already filed a habeas-corpus petition in this Court in the past and it was denied on the merits, Petitioner's current federal petition is second or successive.  *See* 28 U.S.C.S. § 2244(a) (2016).  Petitioner may not file such a petition without authorization from the appropriate federal court of appeals.  *Id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see* R.9, Rs. Governing § 2254 Cases; *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the 10th Circuit] has granted the required authorization.").

Petitioner did not obtain authorization from the Tenth Circuit Court of Appeals to file his second or successive petition.  This Court therefore does not have jurisdiction to address its merits.

**Petitioner's claims here are subject to dismissal.**  Petitioner's claims were not presented in his prior application, so they must be dismissed if Petitioner (1) is not relying "on a new rule of constitutional law" that is retroactively applicable or "previously unavailable"; or (2)

could not have discovered through "due diligence . . . the factual predicate for the claim; and the underlying facts shown by the evidence would adequately demonstrate that, "but for constitutional error," no reasonable factfinder would have found [Petitioner] guilty." *See* 28 U.S.C.S. § 2244(b)(2) (2016). Neither of these situations exists here.

**The alternative to dismissal:  transfer to the Tenth Circuit.**  When a second or successive § 2254 petition is filed in a district court without the necessary appellate-court sanction, it may be transferred under 28 U.S.C.S. §1631 (2016) to the proper court--i.e., the Tenth Circuit.  *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).  However, all unauthorized successive habeas petitions should not automatically be transferred.  This Court will transfer the matter to the Tenth Circuit only if it determines that "it is in the interest of justice" to do so.  28 U.S.C.S. § 1631 (2016).

Carefully reviewing the record at hand, this Court determines that it is not in the interest of justice to transfer this petition to the Tenth Circuit.

**First, as discussed above, Petitioner does not meet the statutory standards for authorization of a second or successive petition.**  The Tenth Circuit would have no basis to authorize this petition for consideration by this Court.

**Alternatively, his claims are untimely at this point and are ineligible for further consideration.**

**1     State Convictions.**  Petitioner was originally sentenced on May 18, 2000.  The Utah Supreme Court affirmed his convictions on May 9, 2003.  *State v. Hamilton*, 2003 UT 22, ¶ 1, 70 P.3d 111.  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, nor did he seek state post-conviction relief.  Under the one-year period of limitation applicable to federal habeas petitions, then, the period expired when Petitioner's

3

ninety-day window in which to petition for certiorari with the Supreme Court closed--i.e., August 7, 2003. *Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000). And, Petitioner's prior federal habeas petitions were ineligible to toll the limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172-73 (2001). Petitioner did not file his current federal habeas petition until April 30, 2015--almost twelve years after the period of limitation had expired.

**2** **Petitioner fails to show that equitable tolling should apply.** "The timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634 (2010). This means that the one-year time limit can, in the appropriate exceptional circumstances, be equitably tolled. *See also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

"'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As a result, "equitable tolling is appropriate only in 'rare and exceptional circumstances.'" *Id.* at 1128 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)); *see also York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

Petitioner's *pro se* status is an insufficient ground for equitable tolling. So, the fact that a petitioner did not have professional legal help, did not know what to do, and relied on another inmate for help, did not show extraordinary circumstances making it impossible to timely file a petition. *Henderson v. Johnson*, 1 F.Supp.2d 650, 656 (N.D. Texas 1998); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner has not suggested, nor can the Court see, any extraordinary circumstances that warrant equitable tolling.

## CONCLUSION

This Court lacks jurisdiction to consider this second or successive petition.  And, it is not in the interest of justice to transfer it to the Tenth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that this petition is DISMISSED.  This case is CLOSED.

DATED this 23rd day of September, 2016.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court